IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| EDSEL RAY HILL, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. CIV-04-1728-F |
| ) | |
| WARDEN MIKE ADDISON, ) | |
| ) | |
| Respondent. ) | |

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner appearing *pro se*, has filed this action pursuant to 28 U.S.C. § 2254 seeking a writ of habeas corpus. The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. §636(b)(1)(B). In accordance with Rule 4, Rules Governing Section 2254 Cases, the petition has been promptly examined and for the reasons set forth herein, it is recommended that the petition be summarily dismissed upon filing as untimely.

Petitioner is challenging his conviction of first degree murder and unlawful disposal of a body in a non-jury trial held in Case No. CF-2001-115, District Court of Comanche County. Petitioner was sentenced to consecutive sentences of life imprisonment without the possibility of parole and five years imprisonment. Petitioner seeks habeas relief on the following grounds: (1) the trial court's failure to conduct a mental competency hearing; (2) prosecutorial misconduct; (3) lack of a pretrial *Daubert* hearing as to the testimony by certain witnesses; (4) ineffective assistance of trial counsel; and (5) ineffective assistance of appellate counsel.

### Discussion

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the Court is under



an obligation to review habeas petitions promptly and to summarily dismiss a petition "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief . . . ." Upon initial review, it appeared to the undersigned that the petition was untimely under 28 U.S.C. § 2244(d), and thus Petitioner was directed to show cause why the petition should not be summarily dismissed.[1] Petitioner has filed a "Request for Appeal Out of Time" [Doc. No. 6, hereinafter referred to as "Response"] and "Evidence to Support Reason 3 of Request for Appeal Out of Time filed January 6, 2005" [Doc. No. 7, hereinafter referred to as "Supplemental Response"], in which Petitioner contends that his habeas petition should be considered timely filed based on an application of the "mailbox rule" to all his state court filings and to the filing of his habeas petition in this Court. Petitioner also appears to argue that the one-year limitation period should be equitably tolled because 1) his state post-conviction appeal was untimely filed "through no fault of his own" and 2) his second application for post-conviction relief was not filed in a timely manner because he was transferred to another prison facility where he had limited access to a law library. For the reasons discussed below, the undersigned finds that Petitioner is not entitled to equitable tolling of the limitation period and the instant habeas action should be

---

[1] The issue of timeliness may be raised *sua sponte* by the Court. *See Hare v. Ray*, No. 00-6143, 2000 WL 1335428 (10th Cir. Sept. 15, 2000) (affirming court's *sua sponte* dismissal of habeas corpus petition as untimely under Rule 4); *Williams v. Boone*, No. 98-6357, 1999 WL 34856 (10th Cir. Jan. 28, 1999)(same) (These and other unpublished dispositions cited herein are cited as persuasive authority pursuant to Tenth Circuit Rule 36.3). Moreover, because Petitioner has been given the opportunity to show cause why the petition was filed beyond the one-year limitation period of § 2244(d) and because he has a further opportunity to be heard on the matter by filing a timely objection to this Report and Recommendation, the undersigned's *sua sponte* consideration of the timeliness of the petition will not prejudice Petitioner. *See Smith v. Dorsey*, No. 93-2229, 1994 WL 396069 (10th Cir. July 29, 1994) (finding "no due process problem" where magistrate judge raised issue of procedural bar *sua sponte* and petitioner had opportunity to object to report and recommendation prior to district court's adoption thereof).

dismissed as untimely filed.

I. <u>Statute of Limitations</u>

Pursuant to 28 U.S.C. § 2244(d)(1), "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court," running from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). As a general rule, the period of limitation under this statute runs from the date the judgment became "final" as provided by Section 2244(d)(1)(A), unless the petitioner alleges facts that would implicate the provisions set forth in Section 2244(d)(1)(B), (C), or (D) above. *Preston v. Gibson*, 234 F.3d 1118, 1120 (10th Cir. 2000). Additionally, in calculating the limitation period for actions under 28 U.S.C. § 2254, federal courts are required to toll the time Petitioner spent seeking "[s]tate post-conviction or other collateral review with respect to the pertinent judgment or claim...." See 28 U.S.C. § 2244(d)(2); *Hoggro v. Boone*, 150 F.3d 1223, 1226 (10th Cir. 1998).

The Oklahoma Court of Criminal Appeals (OCCA) affirmed Petitioner's conviction

on March 12, 2003. Petition, Ex. A. Petitioner then had 90 days from March 12, 2003, to file a petition for writ of certiorari with the United States Supreme Court. *See* 28 U.S.C. § 2101(c); Rule 13.1, Rules of the Supreme Court of the United States. Apparently Petitioner did not seek review in the Supreme Court. As a result, his conviction became "final" for purposes of § 2244(d)(1)(A) ninety days later, on June 10, 2003. *See Locke v. Saffle*, 237 F.3d 1269 (10th Cir. 2001) (period of direct review includes the period within which a petitioner can file a petition for a writ of certiorari with the United States Supreme Court, whether or not petitioner actually files certiorari petition). Thus, the period of limitation began running under § 2244(d)(1)(A) on June 10, 2003, and absent any applicable tolling, Petitioner had until June 10, 2004, to file his habeas petition. *See United States v. Hurst*, 322 F.3d 1256, 1261 (10th Cir. 2003) (holding that under an analogous limitation period in 28 U.S.C. § 2255, the final day to institute an action "is the anniversary date of the relevant act"). The instant petition, filed at the earliest on December 14, 2004,[2] is untimely pursuant to § 2244(d)(1)(A), absent statutory or equitable tolling.

---

[2]The Clerk of the Oklahoma Appellate Courts file-stamped the petition on December 20, 2004. Petitioner requests that this Court apply the "mailbox rule" and find that he filed his habeas petition on the day he gave it to prison officials, December 14, 2004. Petitioner's Response, Ex. F. The Tenth Circuit has determined that a habeas petition is deemed filed when a prisoner submits a habeas petition to prison authorities for mailing. *Hoggro v. Boone*, 150 F.3d 1223, 1226 n.3 (10th Cir. 1998) (applying *Houston v. Lack*, 487 U.S. 266, 270 (1988), to habeas petition). Based on the date of the Declaration under Perjury, it appears Petitioner signed the petition on December 14, 2004; he provides evidence that he submitted a request for disbursement of legal costs for filing his habeas petition on December 16, 2004. Petitioner's Supplemental Response, Exs. L and M. Because the record does not reflect when Petitioner gave the petition to prison authorities, the undersigned assumes that he "submitted the petition for mailing the same day that he verified it," December 14, 2004. *Earthman v. Hines*, Nos. 04-6224, 04-62252004, WL 2830881, at *1 (10th Cir. Dec. 10, 2004) (citing *United States v. Gray*, 182 F.3d 762, 766 (10th Cir.1999)). *See also Marsh v. Soares*, 223 F.3d 1217, 1218 n.1 (10th Cir. 2000) ("Liberal application of the mailbox rule . . . causes us to treat the [habeas] petition as placed in the hands of prison authorities on the same day it was signed.") (citation omitted).

II. <u>Statutory Tolling</u>

The tolling provision in 28 U.S.C. § 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." *See also Barnett v. LeMaster*, 167 F.3d 1321, 1323 (10th Cir. 1999) (the time tolled includes all periods during which a prisoner is attempting to exhaust state post-conviction remedies). For purposes of this section, the Supreme Court has stated:

> An application is "filed," as that term is commonly understood, when it is delivered to, and accepted by, the appropriate court officer for placement into the official record. And an application is "*properly* filed" when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee.

*Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (citations and footnote omitted) (emphasis in original). The Tenth Circuit has explained that:

> a "properly filed" application is one filed according to the filing requirements for a motion for state post-conviction relief. These requirements may include: (1) the place and time of filing; (2) the payment or waiver of any required filing fees; (3) the obtaining of any necessary judicial authorizations that are conditions precedent to filing, such as satisfying any filing preconditions that may have been imposed on an abusive filer; and (4) other conditions precedent that the state may impose upon the filing of a post-conviction motion.

*Habteselassie v. Novak*, 209 F.3d 1208, 1210-11 (10th Cir. 2000) (footnote omitted). Thus, "state procedural law must govern when determining whether a state petition is 'properly filed.'" *Adams v. LeMaster*, 223 F.3d 1177, 1181 (10th Cir. 2000) (citing cases).

Petitioner's application for post-conviction relief in the state district court reflects

a filing date of May 12, 2004; however, Petitioner argues that the application should be considered filed on May 11, 2004, the date he claims the application was signed and placed in the prison mailroom. Petitioner's Response at 4 (unpaginated) and Ex. F (Petitioner's "Modified Calculation of Days Used on Appeals"); Petitioner's Supplemental Response, Ex. B (application for post-conviction relief in Case No. CF-2001-115). However, the Tenth Circuit has rejected this argument. First, in *Adams*, the Circuit Court held "the federal mailbox rule announced in *Houston v. Lack* does not apply to § 2244(d)(2) for purposes of determining when the tolling period for a properly-filed state petition begins." *Adams*, 223 F.3d at 1181. Later, in *Moore v. Gibson*, 250 F.3d 1295, 1298 (10th Cir. 2001), the Court noted that under Oklahoma's post-conviction procedure, an application for post-conviction relief is "filed" when the application "'is delivered to the proper district court clerk for the purpose of filing.'" (quoting *Moore v. Gibson*, 27 P.3d 483, 488 (Okla. Crim. App. 2001)). Thus, the Tenth Circuit held that a state habeas petition was "properly filed" with an Oklahoma court, for purposes of tolling the one-year limitation period under § 2244(d)(2), when it was filed with the state court, not when a petitioner gave his petition to prison officials, absent evidence that the petition was received by state court prior to its filing date. *Moore*, 250 F.3d 1298-99. Here, Petitioner has failed to demonstrate that his application for post-conviction relief was delivered to or received by the state district court prior to its filing date of May 12, 2004. Therefore, the undersigned finds that Petitioner's one-year limitation period was tolled on May 12, 2004, with 19 days remaining.

The district court denied Petitioner's application on May 18, 2004, and Petitioner

then had 30 days or until June 17 to appeal the decision,. Petition, Ex. B; Rule 5.2(C)(2), Rules of the Oklahoma Court of Criminal Appeals (30 days to file a petition in error and supporting brief with a certified copy of the order attached in order to appeal the denial of a post-conviction application in state court). Although Petitioner attempted to appeal, the OCCA issued an order on August 17, 2004, dismissing the post-conviction appeal, finding that the appeal, filed on June 22, 2004, was untimely under Rule 5.2(C)(2). Petition, Ex. C. Because his post-conviction appeal was untimely, Petitioner is entitled to tolling for only 30 days beyond the district court's denial of post-conviction relief, or until June 17, 2004. *Williams v. Gibson*, 237 F.3d 1267, 1269 (10th Cir. 2001) ("[O]nly after the thirty-day deadline has passed without a petition in error and supporting brief could it be said that Mr. Williams' appeal was no longer "properly filed" in the OCCA."); *Gibson v. Klinger*, 232 F.3d 799, 804 (10th Cir. 2000) ("regardless of whether a petitioner actually appeals a denial of a post- conviction application, the limitations period is tolled during the period in which the petitioner could have sought an appeal under state law"); *Hoggro v. Boone*, 150 F.3d 1223, 1226 n.4 (10th Cir. 1998) ("We may not count the additional time during which Hoggro appealed the denial of his application for post-conviction relief because that appeal was untimely ."). Therefore, on June 17, 2004, the one-year period began running again and expired 19 days later on July 6, 2004.[3] Consequently, absent equitable tolling, the instant petition filed on December 14, 2004,

---

[3] Petitioner filed a second post-conviction action on September 14, 2004, which was denied on September 23, 2004, and affirmed by the state appellate court on December 6, 2004. Petition, Exs. E and F. However, this post-conviction proceeding has no effect on the § 2244(d)(2) tolling period because it was filed after the expiration of the one-year limitation period. *See Robinson v. Massie*, No. 99-6014, 1999 WL 311429 (10th Cir. April 27, 1999) (tolling provisions of §2244(d)(2) are not implicated where state post-conviction proceedings are commenced after the one-year limitation period).

is time barred under the one-year limitation period prescribed in 28 U.S.C. §2244(d)(1)(A).

III. Equitable Tolling

The Tenth Circuit has recognized the one-year statute of limitations is subject to equitable tolling but only in "rare and exceptional circumstances." *Burger v. Scott*, 317 F.3d 1133, 1141 (10th Cir. 2003) (internal quotation marks omitted). "Equitable tolling would be appropriate, for example, when a prisoner is actually innocent, when an adversary's conduct–or other uncontrollable circumstances–prevents a prisoner from timely filing, or when a prisoner actively pursues judicial remedies but files a defective pleading during the statutory period." *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000)) (internal citations omitted). Simple excusable neglect is not sufficient. *Id.* Moreover, inmates must diligently pursue their claims in order to avail themselves of this tolling. *Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998). Petitioner has the burden of demonstrating that equitable tolling should apply. *Id.* (refusing to apply equitable tolling because the petitioner "provided no specificity regarding the alleged lack of access and the steps he took to diligently pursue his federal claims"). Petitioner fails to demonstrate any of the prerequisites to support equitable tolling.

A. Petitioner's Arguments for Equitable Tolling

In response to this Court's order to show cause why the petition should not be dismissed as untimely, Petitioner requests that this Court grant him "an appeal out of time," which the undersigned has construed as a request for equitable tolling due to exceptional circumstances. In support of equitable tolling, Petitioner argues that the Unit

Four prison staff at James Crabtree Correctional Center (JCCC) were ignorant of the proper filing fee disbursement procedures and prevented him from filing his state post-conviction appeal on time, necessitating a second post-conviction action seeking an appeal out of time. Petitioner's Response at 1-2.[4] Petitioner further argues that his second post-conviction action was delayed by approximately 28 days because he was transferred to another prison facility where he was allowed only limited access to a law library to prepare his post-conviction application. *Id.* at 3.

The Tenth Circuit has found certain other allegations of exceptional circumstances are inadequate to justify equitable tolling. *See, e.g., Gibson*, 232 F.3d at 808 (holding petitioner's alleged ignorance of AEDPA's statute of limitations is insufficient to warrant equitable tolling); *Marsh*, 223 F.3d at 1220 (holding delays caused by prison inmate law clerk and law library closures does not justify equitable tolling). The undersigned finds that the situation described by Petitioner does not present the type of "uncontrollable circumstance" that would justify equitable tolling of the limitations period. Moreover, equitable tolling is not warranted here because Petitioner has failed to show due diligence. *Burger*, 317 F.3d at 1141 ("[T]his Circuit has generally declined to apply

---

[4]Petitioner refers to and has submitted a portion of the brief he filed in his second post-conviction appeal describing the alleged incorrect directions given to him by the JCCC staff offices as to the proper procedure for sending a filing fee of $50.00 to the OCCA. *See* Response, Ex. C (Sixth Proposition, Request for Appeal Out of Time). In that document Petitioner states that on June 16, 2004, he paid extra postage to mail his appeal to the OCCA and later received a signed certified mail receipt showing that his appeal had been received by the Appellate Court Clerk on June 17, 2004, the date his appeal documents were due. However, on the same date, June 17, Petitioner's request for disbursement, initialed by the trust fund officer on June 16, was returned marked "void," with directions that the form must be sent to another prison officer. Petitioner received a letter from the Appellate Court Clerk stating that his appeal had been received but would not be filed until he paid the filing fee or submitted an affidavit for *in forma pauperis* status. Petitioner ultimately submitted an *in forma pauperis* affidavit, which was received by the Appellate Court Clerk on June 22, 2004, and his appeal was filed on that date.

equitable tolling when it is facially clear from the timing of the state and federal petitions that the petitioner did not diligently pursue his federal claims."). After Petitioner's conviction became final, all but 19 days of the one-year limitation period ran before he filed an application for post-conviction relief, and he gives no explanation for the long delay in seeking state collateral review of the claims he had failed to raise on direct appeal. Moreover, following the denial of post-conviction relief by the state district court, Petitioner failed to diligently prepare his post-conviction appeal documents and arrange for the payment or waiver of the applicable filing fees. Although he attempts to claim that the actions of prison officials amounted to an uncontrollable circumstance warranting equitable tolling, it is clear that Petitioner just waited too late to satisfy the filing requirements pursuant to the OCCA rules, as evidenced by his admission that he paid extra postage on June 16 to expedite the mailing of his appeal which was due on June 17.[5] Thus, Petitioner's own lack of diligence caused the filing of a time-barred petition.[6] It appears that, as in *Miller*, 141 F.3d at 978, Petitioner was simply unaware that the time he spent pursuing his time-barred appeal before the OCCA was not tolled for the purposes of the statute of limitations on his petition for federal habeas corpus.

Thus, the undersigned finds that Petitioner's arguments fail to demonstrate that

---

[5]Although Petitioner premises his claim on the delay in obtaining disbursement of funds for the filing fee, the record reflects that he signed an *in forma pauperis* affidavit on June 15, prior to the deadline for filing his post-conviction appeal, which was submitted to the Appellate Court Clerk's office and accepted for purposes of filing his post-conviction appeal on June 22. *See* Response, Ex. C (Affidavit *In Forma Pauperis*, notarized on June 15, 2004, and prison account certified on June 16).

[6]Petitioner's allegations regarding his lack of access to legal materials after he was transferred to JCCC are also insufficient to justify equitable tolling. *See Miller*, 141 F.3d at 978 ("It is not enough to say that the [prison] lacked all relevant statutes and case law or that the procedure to request specific materials was inadequate.").

he is entitled to equitable tolling. See Williams v. Boone, No. 98-6357, 1999 WL34856, *3 (10th Cir. Jan. 28, 1999) (petitioner's pro se status and unfamiliarity with the law does not justify failure to timely file habeas petition).

B. Petitioner's Claim of Incompetency

As a basis for habeas relief, Petitioner alleges that he was tried without a competency hearing. Petition at 4, Ground One. In support of this claim, he alleges that "after [his] wife died, [he] became suicidal,"[7] called the police to his house and he tried to get the officers to shoot him. Id. He states that he was taken to a mental hospital and diagnosed as a schizophrenic with paranoid delusions. Id.

The Tenth Circuit has held that equitable tolling maybe appropriate where there is adequate proof of incompetence. Miller, 141 F.3d at 978. Therefore, the undersigned has considered whether Petitioner's claim of incompetence constitutes an "exceptional circumstance" warranting equitable tolling of the limitation period. To be competent to stand trial, a defendant must have "sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding . . . [and] a rational as well as a factual understanding of the proceedings against him. Cooper v. Oklahoma, 517 U.S. 348, 354 (1996); Skidgel v. Williams, No. 98-2034, 1999 WL41063 (10th Cir. Feb. 1, 1999). Due process requires a trial court to hold a competency hearing whenever the evidence before it raises a reasonable doubt as to the defendant's mental competence. See Pate v. Robinson, 383 U.S. 375, 385 (1966); see also Sena v. New Mexico, 109 F.3d 652, 655 (10th

---

[7]Petitioner was convicted for the murder of his wife. Petition, Ex. A (OCCA Opinion in Hill v. State of Oklahoma, Case No. F-2001-1484).

Cir. 1997). Here, Petitioner's claim regarding his competency appears to be one of procedural due process, i.e., that he was not given a competency hearing. Such a claim does not provide a basis for equitably tolling the period of limitation under *Miller, supra*. See *Miller*, 141 F.3d at 978.

However, even to the extent Petitioner's claim may be liberally interpreted to raise a claim of substantive due process, i.e., that he was in fact incompetent to stand trial, he fails to set forth any facts or evidence in support of his conclusory allegation. In fact the record belies his allegation of incompetency. In its unpublished opinion affirming Petitioner's murder conviction the OCCA set forth the following facts, which are presumptively correct as Petitioner presents no evidence in rebuttal, 28 U.S.C.§ 2254(e)(1):

> In early to mid-December 1999, [Petitioner] murdered his wife, Rebecca Hill. On March 6, 2001, he called Lawton police to inform them his wife was dead in his backyard. When police arrived on the scene, [Petitioner] was near the area where police would later recover his wife's body from a grave dug under the liner of an aboveground swimming pool. He told police he had killed his wife and indicated where she was buried. He also told police he had explosives, threatened to blow himself up, and appeared to be agitated by the prospect of police removing his wife's body. At one point, he began digging in the area where his wife's body would later be located. Police subdued him with "beanbag" bullets and transported him to a mental health facility.
> The next day, Police obtained an arrest warrant and took [Petitioner] into custody from the mental health facility.

Petition, Ex. A at 1-2. Petitioner did not allege on direct appeal that he was incompetent to stand trial. Instead, in a single proposition Petitioner alleged that his statements taken by police after leaving the mental health facility and after being advised of his *Miranda* rights should have been suppressed because he was "under the influence of cocaine and

suffering the effects of cocaine withdrawal and cocaine-induced psychosis with delusions at the time of his interrogation and confession." *Id.* at 2. In denying Petitioner's claim under the Fifth and Fourteenth Amendments, the OCCA found that "although [Petitioner] was under the influence of cocaine and visibly distraught when taken into custody, the detective did not interview him until some thirty hours later....The detective testified there was no doubt [Petitioner] was 'cognizant of what was going on.'" *Id.* at 3.[8]

Petitioner fails to support a claim of incompetency in his habeas petition with any evidence or facts. Additionally, he does not claim that he was unable to understand the charges against him nor does he argue that he was unable to assist in his defense. Moreover, the Comanche County District Court docket record reflects that Petitioner did not raise an issue with regard to his competency prior to trial. *See* The Oklahoma State Courts Network, available at: <http://www.oscn.net/applications/ocisweb/GetCaseInformation.asp?submitted=true&viewtype=caseGeneral&casemasterID=171447&db=Comanche> (accessed March 29, 2005). And, as previously noted, Petitioner did not raise a claim of incompetency on direct appeal.

Under these circumstances, the undersigned finds that Petitioner's allegation of incompetency is insufficient to warrant equitable tolling. *See Worley v. Lytle*, No. 99-2103, 2000 WL 963169 (10th Cir. July 12, 2000) (finding no basis for equitable tolling

---

[8]The OCCA also noted that Petitioner's evidence of incapacity at the time of the questioning consisted of "bare allegations made during cross-examination, regarding an alleged initial diagnosis by an admitting physician of 'Cocaine-Induced Psychosis,'" which was unsupported by any "evidence or testimony to confirm that such a diagnosis had been made or how it may have affected his later statements to police." Petition, Ex. A at 3.

of the one-year period where the petitioner had not been adjudicated incompetent, had not been institutionalized for mental impairment, had handled other legal matters and had been aware of the AEDPA time limits); *Yocham v. Gibson*, No. 99-7140, 2000 WL 289625, at *2 (10th Cir. March 20, 2000) (equitable tolling of the § 2244(d) limitation period was not warranted where petitioner's conclusory allegations of insanity were "unaccompanied by either specific factual support or any evidence establishing a constitutional violation accompanying his conviction").

IV. Summary

For the reasons set forth above, the undersigned finds that Petitioner has filed his petition beyond the applicable one-year limitation period, and that he has not shown sufficient basis for equitable tolling. Accordingly, it is recommended the petition be dismissed as untimely under 28 U.S.C. § 2244(d)(1).

## Recommendation

For these reasons, it is the recommendation of the undersigned Magistrate Judge that the petition for writ of habeas corpus be dismissed upon filing as time-barred. Petitioner is advised of his right to object to this Report and Recommendation by the 20th day of April, 2005, in accordance with 28 U.S.C. § 636 and Local Civil Rule 72.1. Petitioner must file any objections with the Clerk of this Court. Petitioner is further advised that failure to make timely objection to this Report and Recommendation waives any right to appellate review of both factual and legal issues contained herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the

undersigned Magistrate Judge in the captioned matter.

ENTERED this __31__ of March, 2005.

                                                      _/s/ Bana Roberts_
                                                      BANA ROBERTS
                                                      UNITED STATES MAGISTRATE JUDGE